IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| ALLIANCE FUNDING GROUP | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. _____ |
| NO EVIL FOODS, INC., SADRAH SCHADEL, and MICHAEL WOLIANSKY | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

Plaintiff Alliance Funding Group, by and through its undersigned counsel, and in support of its Verified Complaint against No Evil Foods, Inc., Sadrah Schadel, and Michael Woliansky and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Alliance Funding Group ("AFG" or "Lessor") is a California corporation with its principal place of business in California.

2. Defendant No Evil Foods, Inc. ("No Evil" or "Lessee") is a Delaware corporation with its principal place of business located at 108 Monticello Road, Suite 2000, Weaverville, NC 28787.

3. No Evil may be served with process through its Registered Agent, Michael Woliansky, at 108 Monticello Road, Suite 2000, Weaverville, NC 28787.

4. Defendant Sadrah Schadel ("Ms. Schadel" or "Guarantor") is a citizen and resident of North Carolina who may be served at 3433 Linden Berry Lane, Charlotte, NC 28269.

1

5. Defendant Michael Woliansky ("Mr. Woliansky" or "Guarantor") is a citizen and resident of North Carolina who may be served with process at 3433 Linden Berry Lane, Charlotte, NC 28269.

6. This is an action to recover personal property and money damages for the breach of an equipment lease where the Lessee, No Evil, is located in Weaverville, NC and the leased equipment is located in Weaverville, NC.

7. This action seeks damages against Defendants for a sum in excess of $75,000.00, exclusive of interest and costs.

8. The United States District Court for the Western District of North Carolina properly has jurisdiction over this matter pursuant to 28 U.S.C. §1332, and venue lies in the Asheville Division.

### FACTS

9. This action is for the recovery of personal property in which Plaintiff has a secured interest in leased equipment and for money damages from the breach of an Equipment Lease (the "Lease"). Equipment Lease is attached hereto as **Ex. 1**.

10. No Evil leased equipment related to food processing (the "Collateral"). *See* Ex. A to Ex. 1.

11. No Evil was authorized to enter into said lease. Authority and Incumbency Certificate is attached hereto as **Ex. 2**.

12. The Equipment Lease was later modified. Addendum to Lease Contract to Restructure Payments is attached hereto as **Ex. 3**.

13. No Evil is in default under the terms of the Equipment Lease.

14. No Evil defaulted on July 1, 2022.

15. No Evil was sent a Default Notice through its CEO and Registered Agent, Mr. Woliansky, on August 1, 2022. Default Notice is attached hereto as **Ex. 4**.

16. The Equipment Lease has an acceleration clause. *See* Ex. 1.

17. No Evil was sent a Notice of Acceleration through its CEO and Registered Agent, Mr. Woliansky, on August 19, 2022. Notice of Acceleration is attached hereto as **Ex. 5**.

18. The total outstanding balance due and owing under the terms of the Lease as of the filing of this Complaint is $208,491.00. Statement of Account is attached hereto as **Ex. 6**.

19. Ms. Schadel personally guaranteed No Evil's performance under the terms of the lease. *See* Ex. 1.

20. Ms. Schadel is not subject to protections offered by the Servicemembers Civil Relief Act. Status Report Pursuant to Servicemembers Civil Relief Act is attached hereto as **Ex. 7**.

21. Mr. Woliansky personally guaranteed No Evil's performance under the terms of the lease. *See* Ex. 1.

22. Mr. Woliansky is not subject to protections offered by the Servicemembers Civil Relief Act. Status Report Pursuant to Servicemembers Civil Relief Act is attached hereto as **Ex. 8**.

23. Lessor has a perfected security interest in the leased equipment. UCC Financing Statement is attached hereto as **Ex. 9**; *see also* Ex. 1.

24. The lease proceeds were used to lease food processing equipment.

25. The equipment was delivered and accepted by No Evil. Lessee's Acknowledgement & Delivery Acceptance Receipt is attached hereto as **Ex. 10**.

26. Defendants have refused to voluntarily surrender the leased equipment.

27. Pursuant to the terms of the Equipment Lease, Defendants are obligated for the entire outstanding indebtedness owed under the terms of the Equipment Lease plus accruing interest, post judgment interest, collection costs, attorneys' fees and the costs of this action.

28. Interest is accruing at 18% per anum under the terms of the Equipment Lease. See Ex. 1.

## COUNT I
## BREACH OF CONTRACT

29. The allegations of the foregoing paragraphs are incorporated herein by reference as if specifically re-alleged herein.

30. No Evil executed the Lease.

31. Ms. Schadel and Mr. Woliansky personally guaranteed No Evil's performance under the lease.

32. The lease proceeds were used to purchase food processing equipment.

33. Defendants are in possession of the food processing equipment.

34. Lessor has a valid security interest in the food processing equipment.

35. The Equipment Lease is a valid contract.

36. Under the terms of the Lease, No Evil was required to make lease payments.

37. No Evil is not making payments as required under the Agreement.

38. No Evil has breached the contract.

39. Accordingly, Plaintiff AFG demands a judgment against Defendants for breach of contract, including pre-judgment interest, post judgment interest, collections costs, attorneys' fees, expenses, and the costs of this action.

## COUNT II
## GUARANTEES

40. The allegations of the foregoing paragraphs are incorporated herein by reference as if specifically re-alleged herein.

41. Ms. Schadel and Mr. Woliansky executed Personal Guaranties making personal and unconditional guarantees for prompt payment and performance of each and every debt, liability, and obligation in the Equipment Lease.

42. The Equipment Lease is in default.

43. Therefore, Plaintiff AFG is entitled to recovery judgment against Defendants Ms. Schadel and Mr. Woliansky personally for the full amount due under the Equipment Lease including pre-judgment interest, post judgment interest, collections costs, attorneys' fees, expenses, and the costs of this action.

## COUNT III
## REPOSSESSION OF COLLATERAL

44. The allegations of the foregoing paragraphs are incorporated herein by reference as if specifically re-alleged herein.

45. Plaintiff AFG has a perfected security interest in the collateral.

46. The food processing equipment is personal property.

47. Under the terms of the Lease, Plaintiff AFG is entitled to immediate possession of the collateral upon an occurrence of default.

48. Defendant No Evil failed to make payments under the terms of the Lease.

49. The Equipment Lease is in default.

50. Upon information and belief, the Collateral has not been taken for any tax, assessment, or fine pursuant to statute, nor has it been seized under an execution of attachment against the Collateral.

51. Under the terms of Equipment Lease, No Evil is required to voluntarily surrender the collateral.

52. Defendants has not done so.

53. Pursuant to N.C.G.S.A. § 1-230, Plaintiff AFG is entitled to have the Collateral repossessed and placed in its possession or in the possession of one of its agents or assigns, to be disposed of and the proceeds derived therefrom applied to the balance due.

54. Should possession be granted to Plaintiff AFG, it is entitled to collect from the Defendants any deficiency that remains due and owing under the Equipment Lease following a sale, plus costs incurred and reasonable attorney's fees as provided by the Equipment Lease documents and applicable law.

WHEREFORE, Plaintiff AFG respectfully requests that this Court enter an order providing:

1. That a judgment be entered against Defendants in the amount due and owing under the terms of the Lease: $208,491.00, plus accruing interest, post judgment interest, collection costs, attorneys' fees and the costs of this action.

2. That Plaintiff AFG recover its reasonable attorneys' fees from Defendants pursuant to the terms of the Lease and N.C.G.S.A. § 6-21.2, or other applicable law in the amount to be determined at the time of entry of judgment.

3. That the Court grant possession of the collateral to Plaintiff AFG.

4. That the Court award the costs of this action to Plaintiff AFG.

5. That the Court award pre and post judgment interest.

6. That Plaintiff AFG have and recover such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ R. Andrew Hutchinson
R. Andrew Hutchinson, N.C. Bar# 46764
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
602 Sevier Street, Suite 300
Johnson City, TN 37604
Phone: (423) 928-0181
Fax: (423) 928-5694
dhutchinson@bakerdonelson.com

*Plaintiff Alliance Funding Group*

# VERIFICATION

STATE OF <u>New Hampshire</u> )
 )
COUNTY OF <u>Rockingham</u> )

The undersigned, <u>Shaun Buswell</u>, being first duly sworn, deposes and says that he/she is a <u>VP, Portfolio Servicing</u> of Alliance Funding Group, an Attorney-In-Fact for Alliance Funding Group, the plaintiff in this action; that as such he/she has personal knowledge of the business and is authorized to make this oath and verification; that he/she has read the foregoing Verified Complaint and the same is true and correct of his/her own personal knowledge or from information provided to him/her by employees or agents of the plaintiff, except as to those allegations made upon information and belief, and as to those allegations she believes them to be true.

Date: <u>9/27/22</u>            **Alliance Funding Group**

By: _____
Name: <u>Shaun Buswell</u>
Title: <u>VP</u>

STATE OF <u>New Hampshire</u> )
 )
COUNTY OF <u>Rockingham</u> )

I, <u>Brian Knox</u>, a Notary Public of <u>Rockingham</u> County in the State of <u>New Hampshire</u>, do hereby certify that <u>Shaun Buswell</u> (the Signatory), personally appeared before me this day, by authority duly give, and acknowledged the due execute of the foregoing instrument on behalf of Alliance Funding Group as Attorney-In-Fact.

WITNESS my hand and notary seal the date above written.

_____
Notary Public

My commission expires: <u>4/6/27</u>

[Notary Seal: BRIAN J. KNOX, STATE OF NEW HAMPSHIRE, MY COMMISSION EXPIRES APRIL 6, 2027, NOTARY PUBLIC]

8